**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
EREN PAMIR

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| EREN PAMIR,<br><br>         Plaintiff,<br>vs.<br><br>DESIGNED RECEIVABLE SOLUTIONS, INC., CEDARS-SINAI MEDICAL CENTER, TRANSUNION, LLC, EXPERIAN INFORMATION SERVICES, INC.<br><br>         Defendants. | Case No.: 2:20-cv-9782<br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692, *ET. SEQ.*]**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT [CAL. CIV. CODE § 1788, *ET. SEQ.*];**<br>3. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*]**<br>4. **VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]** |

**INTRODUCTION**

1.      EREN PAMIR (Plaintiff) brings this action to secure redress from Defendants Designed Receivables Solutions, (hereinafter "DRS"), Cedars-Sinai Medical Center (hereinafter "Cedars-Sinai"), Transunion, LLC (hereinafter "Transunion") and Experian Information Services, Inc. (hereinafter "Experian") for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the Fair Credit Reporting Act ("FCRA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

**JURISDICTION AND VENUE**

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4.      Plaintiff is an individual, residing in Los Angeles County, CA. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5.      Defendant Cedars-Sinai is located in Los Angeles County, CA. Defendant Cedars-Sinai is engaged in the collection of debts from consumers using the mail and telephone. Defendant Cedars-Sinai regularly attempts to collect debts alleged to be due another and Defendant Cedars-Sinai is a "debt collector" as defined by the RFDCPA.

6.      Defendant DRS is a California corporation with its headquarters located in La Palma, California. In the ordinary course of business, Defendant DRS regularly attempts to collect debts alleged to be due another and is a "debt collector"

as defined by the FDCPA and the RFDCPA.  Defendant DRS regularly engages in the collection of debt by mail and telephone in several states including, California. Defendant DRS is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). DRS is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

7.     Defendant Transunion LLC (hereinafter "Transunion"), is a limited liability company with its principal place of business located at 555 W. Adams Chicago, IL 60661-3719. At all relevant times herein, Defendant, Transunion, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Transunion is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

8.     Defendant, Experian Information Services, Inc. (hereinafter "Experian"), is a limited liability company with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as

defined by 15 U.S.C. § 1681a(f).  Likewise, Experian is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

9.     Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

10.    Plaintiff is informed and believes and on that basis alleges that Defendants is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

11.    Within one year prior to the filing of this action, Defendants DRS and Cedars-Sinai have attempted to collect money, property or their equivalent, due or owing or alleged to be due or owing from Plaintiff by reason of a consumer credit transaction and/or "consumer debt."

12.    Within the last two (2) years, Defendant DRS has furnished false and inaccurate credit information to Defendants Transunion and Experian regarding the character, amount and legal status of an alleged debt which Plaintiff does not owe.

12.    Specifically, DRS is falsely and inaccurately reporting that Plaintiff owes a past due balance of $ 507.00 for emergency medical services rendered to Plaintiff at Cedar-Sinai Medical Center on March 13, 2018.  However, Plaintiff is insured with Blue Shield of California and Blue Shield of California fully processed and accepted the $ 610.00 in emergency medical services rendered/billed by Defendant Cedars-Sinai in 2019.

13.    Nothwithstanding, Defendant Cedars-Sinai sent mutiple invoices and collection notices to Plaintiff, placed numerous collection calls to Plaintiff, and attempted to collect this debt directly from Plaintiff.  Plaintiff contacted Defendant Cedars-Sinai multiple times and disputed the debt multiple times.   Defendant

Cedars-Sinai responded by advising Plaintiff that it could not help him or reduce the amount owed because Plaintiff was insured by Blue Shield of California.  This constituted a misrepresentation in an attempt to collect debt from Plaintiff, as Plaintiff did Plaintiff did not "owe" anything to Defendant Cedars-Sinai under the California Knox-Keene Health Care Service Plan Act of 1975 ("Knox-Keene Act"), which obligates healthcare plans to cover emergency services rendered to its members.

14.    Thereafter, Defendant Cedars-Sinai  assigned the alleged medical debt to Defendant DRS with the intent and purpose of having DRS attempt to collect this alleged debt directly from Plaintiff, even though Defendant Cedars-Sinai knew Plaintiff was insured by Blue Anthem of California, the debt was legally owed by Blue Anthem of California, and was not legally owed by Plaintiff.

15.    Plaintiff thereafter verbally disputed the debt and Defendant DRS' credit-reporting on at least four (4) separate occasions.  Defendant DRS advised that unless Plaintiff paid the debt, defendant DRS would continue to negatively credit-report Plaintiff.  On information and belief, Defendant DRS communicated Plaintiff's disputes to Defednant Cedars-Sinai, but notwithstanding, Defendant Cedars-Sinai continued to falsely maintain that the debt is still owed by Plaintiff, and, continues to engage DRS to seek to collect the debt from Plaintiff even though he does not owe it and it has been processed by Blue Shield of California.

16.    Plaintiff thereafter sent dispute correspondence to Defendants Transunion and Experian regarding the false and inaccurate credit information Defendant DRS was furnishing to Defendants Transunion and Experian

17.    On information and belief, upon receipt of Plaintiff's disputes, Defendants Transunion and Experian sent automatic customer dispute verification forms to Defendant DRS informing it that Plaintiff was disputing Defendant DRS's credit-reporting of his account on his credit files.

18. As of the date of the filing of this complaint, Defendant DRS continues to furnish inaccurate information regarding an alleged deficiency balance on a medical debt on Plaintiff's credit files.

19. Despite Plaintiff's exhaustive efforts to date to remove this erroneous information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiff.

20. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

21. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

22. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed her ability to obtain credit, and diminished her existing and future creditworthiness.

23. As a direct and proximate result of Defendants' above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

//

6

## FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

**(Against Defendant DRS)**

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated 15 U.S.C. § 1692 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1)     Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2)     Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3)     Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4)     Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

26.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

//

//

**SECOND CAUSE OF ACTION**

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

**(Against Defendant DRS)**

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1)     Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2)     Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3)     Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4)     Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

30.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

//

**THIRD CAUSE OF ACTION**

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

**(Against Defendant Cedars-Sinai)**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

(c)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1)     Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2)     Defendant violated 15 U.S.C. §1692d(5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(3)     Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(4)     Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

1       (5)    Defendant violated 15 U.S.C. §1692f(1) by utilizing
2   unconscionable means to collect or attempt to collect any debt.

3       34.    Defendant's acts, as described above, were done intentionally with the
4   purpose of coercing Plaintiff to pay the alleged debt.

5       35.    As a result of the foregoing violations of the RFDCPA, Defendant is
6   liable to Plaintiff for actual damages, statutory damages, and attorney's fees and
7   costs.

8   **FOURTH CAUSE OF ACTION**

9   **Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**

10  **(Against Defendant DRS)**

11      36.    Plaintiff incorporates the foregoing paragraphs as though the same
12  were set forth at length herein.

13      37.    The FCRA requires a furnisher such as DRS after receiving notice
14  from a credit reporting agency that a consumer disputes information that is being
15  reported by that furnisher, to conduct an investigation with respect to the disputed
16  information, to review all relevant information, to report the results of the
17  investigation to the credit reporting agency, and, if the investigation reveals that the
18  information is incomplete or inaccurate, to report those results to all other credit
19  reporting agencies to which the furnisher has provided the inaccurate information.

20      38.    Within the last two years, Defendant DRS provided inaccurate
21  information to the credit reporting agencies regarding Plaintiff.

22      39.    Within the past two years, Plaintiff notified Defendants Transunion
23  and Experian that his credit reports concerning Defendant DRS's trade-line was
24  inaccurate.  Thereafter, Defendants Transunion and Experian notified Defendant
25  DRS that Plaintiff was disputing the information Defendant DRS had furnished to
26  Transunion and Experian.

27      40.    Defendant DRS violated sections 1681n and 1681o of the FCRA by

28

engaging in the following conduct that violates 15 U.S.C. §s-2(b):

a.   willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.   willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Concord;

c.   willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d.   willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e.   willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f.   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g.   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

41.   In attempting to collect the aforementioned alleged debt, Defendant Concord, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate; to wit, Defendant DRS continued to report that Plaintiff owes a defiency balance for a medical debt on payments when he does not, and in so doing, engaged in false and

11

deceptive means to collect a debt from Plaintiff.

## FIFTH CAUSE OF ACTION

**Violations of the California Consumer Credit Reporting Agencies Act,**

**Cal. Civ. Code §1785.25(a)**

**(Against Defendant DRS)**

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

44.     California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

45.     California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

46.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

47.     Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive

damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

48.     As a result of the foregoing violations of the CCRAA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SIXTH CAUSE OF ACTION

### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*
### (against Defendants Transunion and Experian)

49.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above

50.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

51.     The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

52.     Within the two years preceding the filing of this complaint, Plaintiff notified Transunion and Experian of an inaccuracy contained in its reports and

1    asked them to correct the inaccuracy.

2        53.    Transunion and Experian failed to conduct a reasonable reinvestigation

3    of the inaccuracies that Plaintiff disputed, in violation of 15 U.S.C. § 1681s-2(a)

4    and 2(b).

5        54.    Transunion and Experian failed to review and consider all relevant

6    information submitted by Plaintiff.

7        55.    As a result of Transunion and Experian's failure to conduct reasonable

8    reinvestigations in accordance with the requirements of 15 U.S.C. § 168li(a)(I),

9    Transunion and Experian have failed to remove erroneous information in its credit

10   reporting relating to Plaintiff, after having been notified that Plaintiff disputes that

11   information.

12       56.    Transunion and Experian's failure to comply with the requirements of

13   15 U.S.C. §1681i(a)(l) was willful within the meaning of 15 U.S.C. § 1681n(a) and

14   negligent within the meaning of 15 U.S.C. § 1681o(a).

15       57.    As a result of Transunion and Experian's willful and negligent

16   noncompliance with the requirements of 15 U.S.C. §§ 1681e(b) and 168li(a)(1),

17   Plaintiff has suffered damage to his credit ratings and other actual damages and is

18   entitled to actual, statutory and punitive damages under 15 U.S.C. §§ 1681n(a) and

19   o(a) .

20   ### SEVENTH CAUSE OF ACTION

21   **Willful Failure to Employ Reasonable Procedures To Ensure Maximum**

22   **Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ.**

23   **Code § 1785.14(b)**

24   **(Against Defendant Transunion and Experian)**

25       58.    Plaintiff incorporates the foregoing paragraphs as though the same

26   were set forth at length herein.

27       59.    Defendants Transunion and Experian are regularly engaged in the

28

14

practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

60.     Defendants Transunion and Experian use means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t).  Defendants Transunion and Experian are likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

61.     In preparing Credit Reports, Defendants Transunion and Experian have failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to inaccurately reported late payments, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

62.     As a result of Defendants Transunion and Experian's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendants Transunion and Experian are falsely reporting that Plaintiff made late payments when he did not.

63.     Defendants Transunion and Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

64.     As a result of Defendants Transunion and Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

65.     As a further result of Defendants Transunion and Experian's willful

1    noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code.

2    § 1785.14(b), Plaintiff has suffered damage to her credit rating and other actual

3    damages.

4    **EIGHTH CAUSE OF ACTION**

5    **Negligent Failure to Employ Reasonable Procedures To Ensure Maximum**

6    **Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ.**

7    **Code § 1785.14(b)**

8    **(Against Defendants Transunion and Experian)**

9    66.    Plaintiff incorporates the foregoing paragraphs as though the same

10    were set forth at length herein.

11    67.    In preparing credit reports relating to Plaintiff, Defendants Transunion

12    and Experian have failed to follow reasonable procedures to assure maximum

13    accuracy of information it puts in Credit Reports in violation of 15 U.S.C. §

14    1681e(b) and Cal. Civ. Code § 1785.14(b).

15    68.    As a result of Defendants Transunion and Experian's failure to follow

16    reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b)

17    and Cal. Civ. Code § 1785.14(b), Defendants Transunion and Experian are falsely

18    reporting that Plaintiff made late payments.

19    69.    Defendants Transunion and Experian's failure to comply with the

20    requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent

21    within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l),

22    respectively.

23    70.    As a result of Defendants' negligent violations of the requirements of

24    15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiff has suffered

25    damage to her credit rating and other actual damages.

26    **PRAYER FOR RELIEF**

27    WHEREFORE, Plaintiff prays for judgment as follows:

28

16

71.    an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692 , 15 U.S.C § 1681(n), Cal. Civ. Code § 1788.30(a), and Cal. Civ. Code § 1785.31(a)(2)(A);

72.    an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

73.    an award of statutory damages of $ 1,000.00 pursuant to 15 U.S.C. § 1692 and Cal. Civ. Code § 1788.30(b);

74.    an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

75.    an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.14;

76.    an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of 15 U.S.C. § 1692 and Cal. Civ. Code § 1785.25(a);

77.    an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692, 15 U.S.C § 1681(o),  Cal. Civ. Code § 1785.31(d), and Cal. Civ. Code § 1788.30(c).

78.    Providing such further relief as may be just and proper.

### **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff's demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 25, 2020    **MARTIN & BONTRAGER, APC**


By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorneys for Plaintiff*